IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CLAYTON DOUGLAS KIRN, | CV 25–39–GF–DLC |
| Plaintiff, | |
| vs. | ORDER |
| HSA YOUNG, ET AL., | |
| Defendants. | |

Plaintiff Clayton Douglas Kirn filed a civil rights complaint under 42 U.S.C. § 1983, related to his incarceration at Crossroads Correctional Center, in Shelby, Montana. (Doc. 2.) The Complaint failed to state a claim for relief, but Kirn was given the opportunity to amend. (Doc. 4.) Kirn filed an Amended Complaint. (Doc. 5.) It, too, fails to state a claim and is dismissed.

## I.    SCREENING ORDER

### A. Standard

A complaint of an inmate proceeding against a governmental defendant must be reviewed under 28 U.S.C. § 1915A. A court is required to dismiss such a complaint before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B),

1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Kirn's Amended Complaint alleges the same violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, as well as "Ex-Post Facto Application of Law/Unequal Treatment" as his original Complaint, and names the same defendants. (Doc. 5 at 3.) The factual support for Kirn's five claims is repeated verbatim from his first Complaint. (Doc. 5 at 9 – 14.) He has not heeded any of the Court's prior direction regarding factual support for his claims, other than to add a second attachment to his Complaint that reads more like a brief than a "short and plain statement of the claim" showing that Kirn is entitled to relief. Fed. R. Civ. P. (a)(1).

The brief purports to show why Defendant Godfrey is liable under the Eighth Amendment for entering a contract on behalf of Montana Department of Corrections. (Doc. 5 at 16.) Kirn asserts that Godfrey "could not have seriously believed" that the contract provided for legally adequate care. *Id.* Kirn also quotes a document that refers to Defendant Alstad, and claims that Alstad has no medical training and, thus, is not qualified to tell someone ice could not be prescribed. Kirn fails to state facts that show that Godfrey had personal involvement in either

medical decisions or retaliatory conduct. Kirn fails to state a supervisory claim against Godfrey.

Kirn's brief then goes on to discuss First Amendment law. (Doc. 5 at 17 – 20.) Despite his lengthy legal discussion, Kirn's brief fails to allege sufficient facts to show he was retaliated against. He was not provided ice, based on a determination that it was not the proper medical care, as stated in his brief. (Doc. 5 at 19.) The termination of his ice supply does not plausibly amount to retaliation for free speech. Nor has he alleged the other elements required for a First Amendment retaliation claim, as explained in the Court's prior Order. (Doc. 4 at 8 – 9.)

Kirn's discussion of his Eighth Amendment allegations comes closer to alleging facts regarding individual conduct. (Doc. 5 at 20 – 21.) However, again, he has quoted a grievance response that refers to a "provider" making a decision about his health care. Kirn's allegations do not connect the dots between saying that Defendants Young and Molnar "must have known" that a hernia and constipation were serious medical needs and any facts that show their deliberate indifference. (Doc. 5 at 21.) Rule 8 calls for facts that show entitlement to relief, and Kirn has provided only summary conclusions that Defendants were deliberately indifferent. He fails to state a claim.

The next two sections of Kirn's brief are related and argue, in different ways, that placement at Crossroads instead of Montana State Prison is unfair. (Doc. 5 at 21 – 24.) The first part is a discussion of ex post facto laws and sentencing. (Doc. 5 at 21 – 23.) Kirn asserts that the Department of Corrections "appl[ied] new sentence conditions upon Plaintiff after his sentence was pronounced." (Doc. 5 at 22.) These new conditions appear to be the State's contract with CoreCivic for operation of Crossroads, though that is not clearly spelled out. (Doc. 5 at 23.) "The State of Montana allowed a change of conditions of confinement, with no notice or opportunity for the public, or the inmates to grieve said changes effected to be heard [sic] or to file for a hearing in an attempt to correct." *Id.* Second, Kirn identifies many ways in which he finds Crossroads to be an inferior prison to Montana State Prison. (Doc. 5 at 24.) Thus, he asserts, placement at Crossroads is "unequal, unconstitutional and illegal discrimination."

Kirn's argument regarding the different facilities is unavailing.

The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

4

*Meachum v. Fano*, 427 U.S. 215, 224 (1976). As long as the conditions at each prison meet constitutional standards, the fact that one might be "better" than the other is immaterial. Kirn has failed to state a claim regarding his placement at Crossroads.

Relatedly, confining an inmate at Crossroads instead of Montana State Prison does not violate the Ex Post Facto Clause. The Ex Post Facto Clause provides that "No State shall ... pass any ... ex post facto Law." U.S. Const. art. 1, § 10, cl. 1.15, and forbids a state from retroactively changing the definition of a crime to make what was innocent conduct illegal, or, as Kirn asserts here, increase the punishment for a crime after the fact. *Hampton v. Shinn*, No. 19-99005, 2025 WL 1873261, at *32 (9th Cir. July 8, 2025). But Kirn has not plausibly alleged that the punishment has been increased for his (or anyone's) conviction. If the confinement in Crossroads meets constitutional standards, then incarceration there is exactly the punishment that was anticipated at an individual's sentencing. Kirn's punishment has not been increased within the meaning of the Ex Post Facto Clause by being placed at Crossroads instead of Montana State Prison.

But even if there were a postconviction implication of the Ex Post Facto Clause, that is a matter for a habeas petition and not a § 1983 claim. "Habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v.*

5

*Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). A prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement" and must seek federal habeas corpus relief (or appropriate state relief) instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Kirn appears to challenge the fact of his incarceration at Crossroads. Kirn fails to state a claim regarding placement at Crossroads.

### B. CONCLUSION

To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Kirn failed to amend his Complaint in accordance with the Court's prior Order, and instead, filed an additional brief that argued various legal points but failed to allege the facts necessary to state a claim of constitutional violation.

Based upon the foregoing, IT IS ORDERED:

1.      Kirn's Amended Complaint is DISMISSED for failure to state a claim. The Clerk is directed to close this matter and enter judgment.

2.      The Clerk of Court shall have the docket reflect that the dismissal counts as a strike against Kirn within the meaning of 28 U.S.C.§ 1915.

3.      The Clerk of Court note in the docket that the Court certifies that

appeal would not be taken in good faith.

DATED this 29th day of July, 2025.

Dana L. Christensen, District Judge
United States District Court